IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
DIMITRI WILLIAMSON
                                        :

  v.                                    : Civil Action No. DKC 10-1100

                                        :
PRINCE GEORGE'S COUNTY,
MARYLAND, et al.                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action is a motion for bifurcation and stay of discovery filed by Defendants Prince George's County, Maryland ("the County"), and Correctional Officer Tara Gray. (ECF No. 24). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion will be granted.

I. **Background**

The relevant facts of this case were set forth in a prior memorandum opinion (ECF No. 22), and will be repeated here only briefly. Following a December 16, 2009, arrest for theft and related charges, Plaintiff Dimitri Williamson was transported to the Prince George's County Department of Corrections where he encountered Defendant Correctional Officer Tara Gray. Although the parties offer conflicting versions of the events that subsequently unfolded, it is undisputed that there was an

altercation between Plaintiff and Officer Gray and that Plaintiff sustained some degree of injury.

On April 27, 2010, Plaintiff filed a five-count complaint against Officer Gray and the County in the Circuit Court for Prince George's County. (ECF No. 2). As to Officer Gray, the complaint asserted causes of action for assault, battery, negligence, and excessive force in violation of 42 U.S.C. § 1983. Plaintiff further alleged that the County was liable under § 1983 because of its "custom and practice of permitting its correctional officers to use excessive force." (*Id*. at ¶ 28).

On May 24, 2010, Defendants timely removed to this court (ECF No. 1) and, shortly thereafter, filed a motion to dismiss or, in the alternative, for summary judgment (ECF No. 14). The court denied that motion on January 26, 2011. (ECF Nos. 22, 23). On February 16, 2011, Defendants separately filed their answer (ECF No. 25) and the pending motion for bifurcation and stay of discovery (ECF No. 24).

**II. Motion for Bifurcation and Stay of Discovery**

    **A.    Standard of Review**

Under Fed.R.Civ.P. 42(b), the court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues. The court has broad discretion in

deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused. *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.), *cert. denied*, 510 U.S. 915 (1993).

**B. Analysis**

Defendants argue that bifurcation is appropriate because Plaintiff cannot prevail against the County unless and until he prevails against Officer Gray. (ECF No. 24, at 2-3). Defendants maintain that bifurcation will speed the discovery and trial processes and conserve the resources of both parties. They further argue that if bifurcation is not permitted, Defendant Gray could be improperly prejudiced by evidence of incidents involving other correctional officers that Plaintiff might introduce to show that the County had a custom or policy of tolerating the use of excessive force. Thus, according to Defendants, all claims against Officer Gray should be tried initially; the remaining claim against the County, if still viable, should be resolved at a second trial; and discovery as to the County's liability should be stayed pending the outcome of the first trial.

Plaintiff opposes Defendants' motion on two grounds. First, he contends that he is "a person of very limited means" and that he can "ill afford" the "time and expense of trying the case twice." (ECF No. 26, at 1). Moreover, he asserts that any

3

potential prejudice to Officer Gray could be cured by a jury instruction "directing the jury that it could only consider the custom, policy, and practice evidence in connection with plaintiff's claim against Prince George's County." (*Id*. at 2).

Counties and other municipalities can be liable under § 1983 where some custom, practice, or policy of the municipality is the proximate cause of the violation of the plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A municipality can only be held liable under § 1983 if the plaintiff first establishes that some county employee violated his constitutional rights. *See Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001); *James v. Frederick County Pub. Sch.*, 441 F.Supp.2d 755, 761 (D.Md. 2006).

Because of the secondary nature of a municipality on potential liability under § 1983, courts have frequently bifurcated discovery and/or trial so that cases proceed first with a trial against the individual defendant(s) alleged to be primarily liable. *See, e.g., James*, 441 F.Supp.2d at 762 (granting motion to bifurcate and proceed first against individual defendant); *Jones v. Ziegler*, 894 F.Supp. 880, 883 (D.Md. 1996), *aff'd*, *Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 230 (D.Md. 1991); *Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D.Md. 1995). Not only does bifurcation in such situations

4

streamline the issues for trial, but it also prevents prejudice to the individual defendants that would otherwise arise from the introduction of evidence of prior incidents of police brutality in order to make a case against the municipality. *See Marryshow*, 139 F.R.D. at 320.

Against this backdrop, Plaintiff's arguments against bifurcation are unpersuasive. First, the potential for an increased financial burden on Plaintiff as a result of bifurcation is small. Streamlining the issues and initially limiting discovery to the claims against Officer Gray is likely to reduce, rather than increase, Plaintiff's costs. Moreover, any issues litigated at the initial trial against Officer Gray would be binding upon the parties during the second phase. While it may be true, as Plaintiff suggests, that a jury instruction could limit any prejudice inuring to Officer Gray at a joint trial, an instruction would not be likely to remove the potential for prejudice entirely.

Absent any compelling arguments by Plaintiff, bifurcation of the § 1983 claim against the County and a stay of discovery are warranted.

## III. Conclusion

For the foregoing reasons, Defendants' motion for bifurcation and stay of discovery will be granted. A separate order will follow.

```
            _____/s/_____
            DEBORAH K. CHASANOW
            United States District Judge
```